IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

IRIS LISSETTE DERAS-ELIAS,

        Petitioner,

v.                                    Case No. 1:19-cv-00627

D. WILSON,
Warden, FPC Alderson

        Respondent.

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court are the *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Petitioner, Iris Lissette Deras-Elias ("Petitioner"), and Respondent's Response to the Petition in which Respondent seeks dismissal of the proceedings. (ECF Nos. 1, 8). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the § 2241 petition, (ECF No. 1), be **DENIED**; Respondent's request for dismissal, (ECF No. 8), be **GRANTED**; and this matter be **DISMISSED**, with prejudice, from the docket of the Court.

## I.    Factual and Procedural History

On May 31, 2016, in the United States District Court for the Southern District of California ("Sentencing Court"), an information was filed against Petitioner, charging her with knowingly and intentionally importing a substance containing a detectable amount

of methamphetamine into the United States, in violation of 21 U.S.C. § 952 and 960 ("Count One"); and knowingly and intentionally importing a substance containing a detectable amount of cocaine into the United States, in violation of 21 U.S.C. § 952 and 960 ("Count Two"). *United States v. Deras-Elias*, Case No. 3:16-cr-01221-LAB (S.D. Cal. May 31, 2016) at ECF No. 16. Petitioner agreed in open court to waive her right to have the charges presented to a grand jury, and consented to the charges being presented via information. *Id.* at ECF No. 17.

On June 14, 2016, Petitioner entered into a written plea agreement whereby she agreed to plead guilty to the charges contained in the information. *Id.* at ECF Nos. 22, 23. Petitioner entered her plea before a United States Magistrate Judge, who subsequently issued a Report and Recommendation ("R&R") opining that the presiding District Judge should accept Petitioner's plea of guilty. *Id.* at ECF Nos. 20, 22. The R&R concluded that (1) Petitioner was competent to enter a guilty plea; (2) that she understood the nature of the charges against her, the maximum potential penalties, and the rights she was forfeiting by pleading guilty; (3) that the guilty plea was knowingly and voluntarily entered; and (4) that there was a factual basis for the guilty plea. *Id.* at ECF No. 22 at 2-4. On July 15, 2016, the Sentencing Court accepted and adopted the R&R and found Petitioner guilty of Counts One and Two of the information. *Id.* at ECF No. 25.

Petitioner's sentencing hearing was held on September 26, 2016. (ECF No. 8-4 at 1). At the hearing, Petitioner argued that she was entitled to a sentence reduction under § 3B1.2 of the United States Sentencing Guidelines ("Guidelines") due to her minor role in the criminal scheme. (*Id.* 4, 25). The Sentencing Court framed the issue as a determination of whether Petitioner was "substantially less culpable than the average participant." (*Id.* at 4). Petitioner's counsel, Paul W. Blake, acknowledged that Petitioner

had transported a large quantity of cocaine and methamphetamine across the border of the United States, but contended that Petitioner was entitled to a role reduction as her personal history and drug addiction left her vulnerable for exploitation. (ECF No. 8-4 at 4-7). The Sentencing Court questioned Mr. Blake further, directing him to address "the legal determination here on the question of what [Petitioner's] role was," a "fact dependent" determination which "contemplates five factors under the guidelines and then any others that the Court finds to be relevant." (*Id.* at 7-8). Mr. Blake acknowledged that Petitioner was aware that she was performing the role of drug courier when she crossed the border in her car, but emphasized that the individual who recruited Petitioner had used sophisticated tactics when convincing Petitioner to participate in the criminal conspiracy. (*Id.* at 9).

After further discussion of Petitioner's role in the drug distribution scheme and the steps she had taken to effectuate that scheme, the Sentencing Court stated

> I'm still trying to wrap my mind around, you know, what was her role in this offense -- I mean, on the surface it appears that this is a run of the mine drug importation case. [Petitioner was] caught with a very large amount of drugs. She says she knows there were drugs in the car, that she was bringing them across and was going to get something out of it. That appears to be the circumstances. Beyond that, I'm not sure.

(*Id.* at 11-12). The Sentencing Court then questioned the attorney for the United States, who related that Petitioner had admitted to him that she had transported drugs across the border more than once, although, under lengthy questioning, admitted he had not discovered how many times specifically Petitioner had transported drugs across the border. (*Id.* at 12-15). The Sentencing Court stated:

> [L]ook, to me, that is [an] important factor. I mean, you can hardly say that somebody who's repeatedly smuggled drugs in is a minor participant. I mean, it just wouldn't jump out at me if somebody's done it a bunch of times. Mr. Blake, look, I'm having trouble with this. I really am. I don't see

3

any facts, and none have been tendered here, that would support a finding that she's substantially less culpable than the average participant.

(ECF No. 8-4 at 15-16). Mr. Blake argued to the contrary that "when the person is simply driving at the behest of a very sophisticated outfit that literally targets people, because the woman who linked her up was paid to recruit other people," then a Guidelines reduction for a minor role is warranted. (*Id.* at 16-17). The Sentencing Court responded that "if the other woman's role was discrete, which is just to recruit people to drive the drugs across," then Petitioner was not necessarily the less culpable participant in the scheme, as both identified participants had discrete roles in the criminal conspiracy. (*Id.* at 17). The Sentencing Court ultimately concluded that Petitioner was not entitled to a reduction for her reduced role in the conspiracy, noting that the fact Petitioner transported drugs across the border more than once, "kind of dooms her application for minor role." (*Id.* at 17-18).

The parties then turned to discussion of the appropriate sentence, with Mr. Blake arguing that Petitioner was entitled to a significant downward variance from the suggested Guidelines sentencing range given her personal history and characteristics, as well as the cooperation and assistance she granted to the government. (*Id.* at 18-19). Mr. Blake suggested 18 months' imprisonment. Petitioner also spoke in favor leniency, describing her contrition for her actions. (ECF No. 8-4 at 20-22). The United States agreed that a downward variance was appropriate, but recommended 87 months' imprisonment. (*Id.* at 30).

The Sentencing Court concluded that the Guidelines sentencing range which applied to Petitioner was imprisonment for 108 to 135 months, but determined that a sentence within that range was longer than necessary under the statutory factors. (*Id.* at 27, 30). The Sentencing Court noted that there were mitigating factors present in

Petitioner's case, but also considered the quantity of the drugs transported, as well as the fact that Petitioner conducted multiple trips, which were aggravating factors. (ECF No. 8-4 at 28-31). Ultimately, the Sentencing Court found that Petitioner was entitled to a 30-month variance from the recommended Guidelines sentencing range, resulting in a sentence of 78 months in prison. (*Id.* at 31).

On October 4, 2016, Petitioner submitted a notice of Appeal to the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit"). *Deras-Elias*, Case No. 3:16-cr-01221-LAB at ECF No. 38. In her appeal, Petitioner contended that the Sentencing Court erred in denying her request for a minor role adjustment under U.S.S.G. § 3B1.2, based on "conjecture concerning the number of times she smuggled drugs." (ECF No. 8-6 at 3). In an opinion issued on October 2, 2017, the Ninth Circuit denied Petitioner's appeal, concluding that the Sentencing Court's determination that Petitioner had been involved in more than one drug smuggling expedition was not clearly erroneous based on the record, and, therefore, its decision to deny the minor rule adjustment was not an abuse of discretion. (*Id.* at 2-4).

On August 23, 2019, Petitioner submitted the instant § 2241 petition. (ECF No. 1 at 8). Petitioner contends that in light of the Ninth Circuit decision in *United States v. Quintero-Levya*, 823 F.3d 519 (9th Cir. 2016), the Sentencing Court erred in denying Petitioner a minor role adjustment under the Guidelines. (*Id.* at 6). Petitioner asserts that, in reaching this determination, the Sentencing Court failed to apply the correct legal standard and relied on "conjecture," and "supposition" with respect to whether Petitioner made multiple drug distribution trips. (*Id.*).

In a contemporaneously filed memorandum of law, Petitioner expounds upon her claim that the Sentencing Court erred in denying her a Guidelines reduction under §

3B1.2. (ECF No. 2 at 8). Petitioner believes the Sentencing Court "relied on multiple improper factors" when determining that Petitioner was not entitled to a minor role adjustment in that it considered Petitioner's culpability as compared to that of "the hypothetical average participant," rather than "all likely participants in the drug smuggling operation in which she was involved." (*Id.* at 9, 13-14). Additionally, Petitioner claims that the Sentencing Court failed to consider the appropriate factors and abused its discretion in denying her request, as the factors weighed in favor of granting her request for a role reduction. (*Id.* at 13-14). Petitioner argues that she is entitled to proceed under § 2241 based on the test established in *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018), because her sentence now presents a fundamentally grave error, and § 2255 is inadequate or ineffective to test the legality of her sentence. (*Id.* at 8).

On October 31, 2019, Respondent filed a Response to Petitioner's § 2241 petition, arguing that the petition should be dismissed for lack of jurisdiction. (ECF No. 8 at 1). Respondent asserts that, as Petitioner challenges the validity of her sentence rather than its execution, she has filed a mislabeled motion under § 2255. (*Id.* at 3). Respondent additionally alleges that Petitioner's claim may not be brought under the savings clause as she never filed a § 2255 petition in the Sentencing Court and has not identified any law in this Circuit which has changed the legality of her sentence. (*Id.* at 5). Finally, Respondent argues that, even assuming Petitioner's claim were cognizable, it lacks merit as the Ninth Circuit previously considered and rejected "essentially the same argument" in Petitioner's direct appeal. (*Id.* at 5-6). Respondent requests that this petition be dismissed, or, in the alternative, transferred to the Sentencing Court. (*Id.* at 6).

On December 13, 2019, Petitioner submitted a Reply to Respondent's request her petition be dismissed. (ECF No. 10). Petitioner contends that her petition may proceed

6

under § 2241 as she is entitled to use the savings clause provision. (*Id.* at 3). Petitioner notes that her conviction was affirmed in October 2017, and she only had one year to file a motion under § 2255. (*Id.* at 4). Petitioner further argues that, even assuming she did not meet all the requirements of the test established by *Wheeler*, she should be permitted to proceed as it is "indisputable" that the Sentencing Court erred in denying her a reduction under the Guidelines, and this is a clear miscarriage of justice. (*Id.* at 4-5). Petitioner requests that her sentence be vacated and she be resentenced. (*Id.* at 5).

## II.    <u>Standard of Review</u>

Respondent requests that Petitioner's § 2241 petition be dismissed. (ECF No. 8 at 1). Respondent does not articulate under which rule's authority he seeks dismissal, but, presumably, this request is made pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Respondent filed a Response concurrently with his motion to dismiss, the motion technically should be considered as one for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). However, the distinction makes no practical difference as the same standard of review applies to motions to dismiss under Rule 12(b)(6) and motions for judgment on the pleadings under Rule 12(c), and both motions may be filed in habeas actions. *Id.* at 138-39; *see also Martin v. U.S. Parole Comm'n*, No. CV PWG-17-3335, 2018 WL 2135009, at *1 (D. Md. May 9, 2018).

When deciding a motion for judgment on the pleadings, the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nonetheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable

conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a motion for judgment on the pleadings in a federal habeas case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, the court may consider "matters of public record," including documents from prior or pending court proceedings, when resolving the motion without converting it into a motion for summary judgment. *Id.* The Court "may also consider documents attached to the complaint ... as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

## III. Discussion

### A. Petitioner's ability to use the savings clause

Petitioner argues that her sentence is invalid in light of a Ninth Circuit decision. (ECF No. 1 at 6). Petitioner is clearly challenging the legality, rather than the execution, of her sentence. Accordingly, Petitioner's action is properly brought under 28 U.S.C. § 2255, which is the exclusive remedy for challenging the validity of a federal conviction and sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Although § 2241 provides a general grant of habeas corpus authority, the remedy under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255.

However, § 2255(e) provides a narrow "savings clause" exception, which serves as a means by which a petitioner may challenge a conviction or sentence through a traditional writ of habeas corpus pursuant to § 2241. It states:

An application for a writ of habeas corpus in behalf of a prisoner who is

> authorized to apply for relief by motion pursuant to this section, shall not
> be entertained if it appears that the applicant has failed to apply for relief,
> by motion, to the court which sentenced him, or that such court has denied
> him relief, *unless it also appears that the remedy by motion is inadequate*
> *or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). As indicated, the savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely … because an individual is procedurally barred from filing a Section 2255 motion," *Vial*, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. *Young v. Conley*, 128 F.Supp.2d 354, 357 (S.D.W. Va. 2001). Instead, to trigger the savings clause in the context of a challenge to the validity of a sentence, the petitioner must establish that: (1) at the time of sentencing, settled law of the circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit ") held in *Wheeler* that the savings clause requirements are jurisdictional rather than procedural; therefore, if they are not met, the court does not have jurisdiction to entertain the § 2241 petition. *Id.* at 426. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. *See Hood v. United States*, 13 Fed. Appx. 72, 2001 WL 648636, at *1 (4th Cir. 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. Feb. 20, 2014), *aff'd*, 573 Fed. Appx. 268 (4th Cir. 2014).

### 1. Governing law

Petitioner was convicted in the United State District Court for the Southern District of California, which sits within the appellate region of the Ninth Circuit. As she was at the time of filing incarcerated within the jurisdiction of the Southern District of West Virginia, however, Petitioner properly filed the instant § 2241 petition in this Court. "In evaluating substantive claims under the savings clause ... we look to the substantive law of the circuit where the defendant was convicted." *Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019). While the law of the court of conviction governs a prisoner's substantive § 2241 claims, Fourth Circuit procedural law continues to control the disposition of the petition. *Hahn*, 931 F.3d at 301. Accordingly, the undersigned will consider Petitioner's § 2241 petition under the substantive law of the Ninth Circuit, while applying the procedural law of the Fourth Circuit.

### 2. Petitioner is not entitled to use the savings clause.

*i). Ability to challenge guidelines error in habeas review*

In *United States v. Foote*, the Fourth Circuit noted that "not every alleged sentencing error can be corrected on collateral review." 784 F.3d 931, 932 (4th Cir. 2015). "[O]nly those errors presenting a 'fundamental defect which inherently results in a complete miscarriage of justice' are cognizable." *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). The *Foote* Court considered whether a petitioner's habeas challenge to his sentence, which was based on a subsequently-nullified career offender designation, was a "fundamental defect" sufficient to merit review on a motion to vacate. *See* 784 F.3d at 932. Ultimately, the Fourth Circuit declined to "declare that a fundamental defect or a complete miscarriage of justice has occurred in a situation in which [the petitioner] was (and on remand, would again be) sentenced under an *advisor*y Guidelines scheme

requiring individualized analysis of the sentencing factors set forth in 18 U.S.C. § 3553(a)." *Id.* at 941 (emphasis original). The Fourth Circuit based its determination largely on the Supreme Court of the United States ("Supreme Court's") decision in *United States v. Booker*, 543 U.S. 220 (2005). which "'stripped [the Guidelines] of legal force and made them advisory.'" *Id.* at 942 (quoting *United States v. Dean*, 604 F.3d 169, 173 (4th Cir. 2010)) (brackets in original). "Because of this lack of "'legal force,'" the Fourth Circuit determined it "would be remiss to place an erroneous Guidelines classification under an advisory scheme in the same category as violation of a statute or constitutional provision." *Id.* The Fourth Circuit later affirmed that the advisory nature of the Guidelines renders an error in their calculation a non-fundamental defect. *See Lester v. Flournoy,* 909 F.3d 708, 715 (4th Cir. 2018) (error in guidelines calculation was fundamental error where petitioner sentenced under pre-*Booker* mandatory guidelines, but "*Foote* undoubtedly would bar [the petitioner's] petition had he been sentenced under the advisory Guidelines."); *see also Kornegay v. Warden, FCI Butner,* 748 F. App'x 513, 514 (4th Cir. 2019) (denying § 2241 petition because "[the petitioner] was sentenced under the advisory Guidelines and *Foote* bars his petition.") (unpublished).

Petitioner was sentenced in 2016, well after the 2005 *Booker* decision, and consequently was not subject to the mandatory application of the Guidelines. *Deras-Elias*, Case No. Case No. 3:16-cr-01221-LAB at ECF No. 42. She now challenges the Sentencing Court's determination she was not entitled to a Guidelines reduction in her sentencing range. As the sentence range employed by the Sentencing Court in Petitioner's case was used to calculate an advisory, not mandatory, Guidelines range, and did not operate to impose a sentence above the statutory maximum, Petitioner is unable to present "an error sufficiently grave to be deemed a fundamental defect" as required to use

the savings clause. *See Wheeler*, 886 F.3d at 429; *Foote*, 784 F.3d at 941; *see also Lee v. Andrews*, No. 5:18-HC-2031-FL, 2018 WL 4924008, at *2 (E.D.N.C. Oct. 10, 2018) ("Because the [advisory Guidelines] error petitioner alleges does not rise to the level of a 'fundamental defect,' petitioner cannot satisfy the fourth prong of the *Wheeler* test."); *Fennell v. Joyner*, No. CV 5:18-1740-HMH-KDW, 2019 WL 1253233, at *3 (D.S.C. Mar. 19, 2019) (allegedly erroneous application of career offender enhancement not a fundamental defect under fourth prong of *Wheeler* test).

Accordingly, the undersigned **FINDS** that Petitioner fails to establish that she meets the requirements of the savings clause as contained in § 2255(e) with respect to her claim alleging a Guidelines error; as a result, she is precluded from bringing this claim in a § 2241 petition.

*ii.) Petitioner does not meet the other savings clause requirements*

Even assuming that the error alleged by Petitioner was cognizable in habeas review, she is not entitled to utilize the savings clause because she does not meet all of the other elements of the *Wheeler* test. As noted, *Wheeler* requires that a petitioner show "subsequent to [her] direct appeal and first § 2255 motion, the ... settled substantive law changed and was deemed to apply retroactively on collateral review." 886 F.3d at 429.

Petitioner never submitted a § 2255 petition in the Sentencing Court. Accordingly, she is unable to establish that the settled law changed subsequent to the conclusion of her first § 2255 petition. *See Rodriguez-Lozano v. Saad*, No. 3:18-CV-84, 2019 WL 3771739, at *5 (N.D.W. Va. July 16, 2019), *report and recommendation adopted*, No. 3:18-CV-84, 2019 WL 3771750 (N.D.W. Va. Aug. 9, 2019) ("Petitioner never filed a direct appeal or an initial § 2255 and cannot satisfy the savings clause of § 2255(e) under *Wheeler*. Accordingly, Petitioner's claim may not be considered under § 2241, and this Court is

without jurisdiction to consider his petition on the merits."); *Harding v. Owens*, No. 5:12-CV-01213-JMC, 2013 WL 5434151, at *4 (D.S.C. Sept. 27, 2013) ("The Magistrate Judge concluded that Petitioner did not satisfy prong two [of *Wheeler*] because he never filed a § 2255 motion. The court agrees.") (internal citation omitted); *Brooks v. Bragg*, No. CV 5:18-1669-RMG-KDW, 2019 WL 2125230, at *3 (D.S.C. Apr. 2, 2019), *report and recommendation adopted*, No. CV 5:18-1669-RMG, 2019 WL 1856630 (D.S.C. Apr. 25, 2019) ("Because [the petitioner] never filed a § 2255 motion to vacate, he is not able to satisfy the second prong of *Wheeler* showing that settled substantive law changed 'subsequent to [his] direct appeal and first § 2255 motion.'").

An additional barrier to Petitioner's ability to bring her claims under § 2241 is that her claim is premised on the argument that her sentence was in error at the time it was imposed, rather than that, while legal at the time, her sentence has since been rendered illegal by a subsequent change in law as required to proceed under *Wheeler*. 886 F.3d at 429. Petitioner contends that the Sentencing Court did not properly follow the directives provided by Amendment 794 to the Guidelines when considering whether she qualified for a minor role adjustment, and that the Ninth Circuit decision in *United States v. Quintero-Levya*, 823 F.3d 519 (9th Cir. 2016) makes this error clear. (ECF No. 2 at 8). Amendment 794 amended the commentary to U.S.S.G. § 3B1.2—the Guidelines section that provides for a downward adjustment to the offense level if the defendant was a minimal or minor participant in the criminal activity. The Amendment added a list of factors to consider when considering whether a defendant is entitled to a role reduction, as well as additional guidance regarding when the adjustment should apply. *See* U.S.S.G. App. C. Amend. 794. The Ninth Circuit in *Quintero-Levya* held that Amendment 794 should apply retroactively on direct appeals, and remanded the case

before it as it was unclear whether the district court had appropriately considered the factors outlined in the Amendment. *See* 823 F.3d at 523-24.

Fatal to Petitioner's claim, however, is that Amendment 794 went into effect on November 1, 2015, and the decision in *Quintero-Levya* was published on May 17, 2016, both *before* Petitioner was sentenced in September 2016. *See* 823 F.3d 519; U.S.S.G. App. C. Amend. 794. As Petitioner's argument relies on law that was established at the time of her sentencing, she is unable to show that *subsequent* to the conclusion of her direct appeal and first § 2255 petition, the settled substantive law changed as is required to proceed via the savings clause. Accordingly, the undersigned **FINDS** that Petitioner's claims are not able to be brought via a § 2241 petition, and, consequently, this Court lacks jurisdiction over her petition.

### B. Transfer or dismissal of the petition.

Inasmuch as Petitioner's claims are not properly brought under § 2241, her petition "must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). If this Court chooses to dismiss Petitioner's action, then she will be required to pursue her claim in the United States District Court for the Southern District of California. Unlike § 2241 petitions, which are brought in the district where the petitioner is incarcerated at the time that he files his petition*, see United States v. Poole,* 531 F.3d 263, 264 (4th Cir. 2008), § 2255 directs the movant to "move the court which imposed the sentence" to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a).

Notably, the Fourth Circuit has declined to impose "a blanket policy of mandatory transfer of unauthorized successive petitions to th[e] court for consideration as [pre-filing authorization] motions;" instead, leaving district courts the discretion to determine

14

whether the transfer of a § 2255 motion is "in the interest of justice." *Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004). A district court may dismiss, rather than transfer, a petition that is meritless or time-barred. *United States v. McNeill*, 523 F. App'x 979, 984 (4th Cir. 2013) (citing *Phillips v. Seiter*, 173 F.3d 609, 610–11 (7th Cir. 1999)) (stating that the transfer of a frivolous, time-barred case is a waste of judicial resources) and *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1001 (Fed. Cir. 1987) (declining to transfer claims under § 1631 that were frivolous).

It is clear that Petitioner would be unable to succeed on the claims presented in her petition if the undersigned were to construe Petitioner's § 2241 petition as a motion under § 2255 and transfer it to the Sentencing Court. The district to which Petitioner's action would be transferred has previously held that the type of claim raised by Petitioner, a claim alleging an error in the advisory Guidelines range, may not be raised via a § 2255 petition. *See Rivers v. United States*, No. 3:13-CR-3954-BEN-1, 2019 WL 1959583, at *5 (S.D. Cal. May 2, 2019) ("Consequently, for § 2255 proceedings, even if one can show a Guidelines calculation error, [Supreme Court case law] explains that the calculation error does not warrant relief. It is only the sentence, itself, with which § 2255 is concerned, not the correctness of the calculation of the Sentencing Guidelines as a starting point for sentencing. Therefore, this claim for § 2255 relief is unpersuasive."); *Diaz v. United States*, No. 13CR1235-JAH, 2020 WL 704784, at *5 (S.D. Cal. Feb. 12, 2020) (holding that a claim alleging similar error in light of Amendment 794 was not cognizable in a habeas petition); *see also United States v. Sanders*, No. CR 12-57-BLG-SPW, 2018 WL 10701615, at *2 (D. Mont. Jan. 3, 2018) ("The claim [the petitioner] now wants to make is a claim of error in the calculation that guided the exercise of the sentencing court's discretion. That sort of claim is not cognizable in federal habeas proceedings.").

15

An additional barrier to Petitioner's claim if her petition were to be transferred is the one-year statutory period of limitations which applies to petitions under § 2255. *See* 28 U.S.C. § 2255(f). Petitioner submitted the instant petition on August 23, 2019. (ECF No. 1 at 8). Petitioner's appeal was rejected by the Ninth Circuit on October 2, 2017, and she did not submit a petition for a writ of certiorari to the Supreme Court. Accordingly, her conviction became final 90 days later, on January 1, 2018, after the time period within which she could have submitted a petition for a writ of certiorari expired.[1] *See Clay v. United States,* 537 U.S. 522, 525 (2003). As Petitioner never filed a petition under § 2255, her one-year time period within which to do so expired on January 2, 2019. Accordingly, if construed as § 2255 petition, her instant petition would be barred by the statutory period of limitations. Given that Petitioner's claims, if construed as a § 2255 motion, would be barred by the statutory period of limitations, transferring her petition would be a waste of judicial resources. See *Hambric v. Coakley,* No. 5:15-CV-04549, 2016 WL 6594123, at *4 (S.D.W. Va. Oct. 13, 2016), *report and recommendation adopted*, No. 5:15-CV-04549, 2016 WL 6582471 (S.D.W. Va. Nov. 4, 2016) (declining to transfer petition which was clearly untimely).

Finally, Petitioner's claim would be unable to succeed as she could have raised it on direct appeal rather than in a § 2255 petition. *See Diaz,* No. 13CR1235-JAH, 2020 WL 704784, at *5 (finding that the petitioner's failure to raise claim regarding Amendment 794 on direct appeal precluded him from bringing it in a § 2255 petition); *see also United States v. Ratigan,* 351 F.3d 957, 962 (9th Cir. 2003) ("A § 2255 movant procedurally defaults his claims by not raising them on direct appeal and not showing cause and

---

[1] Rule 13(1) of the Rules of the Supreme Court of the United States provides that "a petition for a writ of certiorari to review a judgment in any case, ... is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment." U.S. Sup. Ct. R. 13.

prejudice or actual innocence in response to the default."). Conversely, claims or arguments which were previously raised on appeal are also not cognizable in a § 2255 motion. *See United States v. Redd*, 759 F.2d 699, 701 (9th Cir. 1985) (claims previously raised on appeal "cannot be the basis of a § 2255 motion."); *United States v. Currie*, 589 F.2d 993, 995 (9th Cir. 1979) ("[i]ssues disposed of on a previous direct appeal are not reviewable in a subsequent § 2255 proceeding.").

Here, Petitioner on direct appeal challenged the Sentencing Court's denial of her request for a minor role adjustment, although not specifically on the ground that the Sentencing Court failed to consider the appropriate factors under Amendment 794. (ECF No. 8-4). Petitioner could have made this argument on direct appeal as both the Amendment, as well as the case-law she relies on, were available to her. Accordingly, this claim would be procedurally defaulted if raised via § 2255 in the Sentencing Court as Petitioner could have, but did not, raise the claim on direct appeal.

Accordingly, the undersigned **FINDS** construing Petitioner's § 2241 petition as one under § 2255 and transferring it to the Sentencing Court is not in the interest of justice as the petition is plainly without merit.

## IV.   Proposal and Recommendations

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 1), be **DENIED;** that Respondent's request for dismissal, (ECF No. 8), be **GRANTED;** and that this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Petitioner and counsel of record.

**FILED:** July 20, 2020

Cheryl A. Eifert
United States Magistrate Judge

18